**NOT FOR PUBLICATION**

FILED

SEP 09 2015

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS


UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| NATALIA A. SIDIAKINA, | No. 12-17235 |
| Plaintiff - Appellant, | D.C. No. 3:10-cv-03157-JSW |
| v. | |
| JAMES G. BERTOLI, Judge; ROBERT S. BOYD, Judge; SUPERIOR COURT OF SONOMA COUNTY; IGNAZIO RUVOLO, Judge; CALIFORNIA COURT OF APPEAL, First Appellate District, Division 4; JUDICIAL BRANCH OF CALIFORNIA GOVERNMENT; STATE OF CALIFORNIA,; JUDICIAL COUNCIL OF CALIFORNIA, | MEMORANDUM* |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the Northern District of California
Jeffrey S. White, District Judge, Presiding

Argued and Submitted December 12, 2014
San Francisco, California

Before: FISHER, RAWLINSON, and MURGUIA, Circuit Judges.

---

\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

Natalia Sidiakina (Sidiakina) appeals the district court's dismissal of her action under Title II of the Americans with Disabilities Act (ADA) against the Superior Court of Sonoma County and related defendants. The district court dismissed Sidiakina's entire complaint under the *Rooker-Feldman* doctrine.[1] Sidiakina appeals the dismissal of her claim that the California state courts' policy of refusing to appoint counsel as an accommodation for qualified individuals with cognitive disabilities violated the ADA. Sidiakina concedes that the district court properly dismissed a majority of her allegations under the *Rooker-Feldman* doctrine. However, Sidiakina contends that the *Rooker-Feldman* doctrine does not preclude her prospective challenge to the state courts' policy.

Even assuming the *Rooker-Feldman* doctrine does not preclude Sidiakina's prospective challenge, we affirm the district court's order of dismissal because Sidiakina lacks standing to bring this claim. Dismissal was proper because Sidiakina lacks standing to challenge the alleged policy against appointment of counsel. It is a well-established principle of law that a party seeking to demonstrate standing must assert an injury that is "actual or imminent, not conjectural or hypothetical." *McCormack v. Herzog*, 788 F.3d 1017, 1026 (9th Cir. 2015) (citation omitted). Here, the record reflects that Sidiakina's divorce

---

[1] *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923); *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 463-64 (1983).

proceedings concluded in 2011. Because Sidiakina is challenging a court rule and its accompanying policies, she "must demonstrate a realistic danger of sustaining a direct injury as a result of the [rule's] operation or enforcement." *Id.* (citations omitted). This she cannot do because she no longer has any matter pending in the Sonoma County courts.

In an effort to preserve standing, Sidiakina proffered on appeal that she may re-engage with the state court system at some point in the future "to either enforce or modify a court order in her divorce proceedings," at which point she will be denied counsel as a disability accommodation. Even if Sidiakina were permitted leave to amend her complaint to include this allegation, the threat of injury she alleges is too remote and speculative to confer standing. *Cf. Assoc. Gen. Contractors of Cal. v. Coal. for Econ. Equity*, 950 F.2d 1401, 1407 (9th Cir. 1991) (explaining that injury was "too speculative" where "there was . . . little indication in the record that the plaintiffs had firm intentions to take action that would trigger the challenged governmental action."). Because Sidiakina lacks standing the district court correctly concluded that it was without jurisdiction to adjudicate her case. *See Braunstein v. Ariz. Dept. of Transp.*, 683 F.3d 1177, 1189-90 (9th Cir. 2012). We therefore affirm the district court's judgment. *See id.*

**AFFIRMED.**

3